**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

JIM O'DAY,

                             Plaintiff,

          - against -

NTT DATA AMERICAS, INC,

and

NTT DATA SERVICES, LLC

                            Defendants.

-------------------------------------------------------X

**Case No.:** 1:24-cv-5771

**COMPLAINT**

**PLAINTIFF DEMANDS**
**A TRIAL BY JURY**

Plaintiff, JIM O'DAY, by his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants, NTT Data Americas, Inc. ("NTT Americas") and NTT Data Services, LLC ("NTT Data") (collectively referred to as "Defendants" or "NTT"), upon information and belief, as follows:

## NATURE OF THE CASE

1.      Plaintiff brings this lawsuit pursuant to the Age Discrimination Employment Act, Title 29 United States Code §§ 621, et seq.; (the "ADEA"), and the New York State Human Rights Law, New York State Executive Law §§ 296 *et seq.* ("NYSHRL) and seeking damages to redress the injuries he has suffered as a result of being discriminated and retaliated against on the basis of his age.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

2.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §626(c)(1) and 28 U.S.C. §§ 1331 and 1343.

3.      This Court has supplemental jurisdiction over Plaintiff's claims under the NYSHRL pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the acts complained of occurred within the Southern District of New York.

5.      By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 8, 2023, and by (b) receiving a Notice of Right to Sue from the EEOC on May 13, 2024, (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC, and (d) contemporaneously with the filing of this Complaint, mailing copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative Code, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as **"Exhibit A;"** a copy of the transmittal letter to the NYCCHR *et ano.* is annexed hereto as **"Exhibit B."**

## <u>PARTIES</u>

6.      Plaintiff, Jim O'Day ("Plaintiff"), is a resident of Westchester County, New York.

7.      Throughout his employment, Plaintiff teleworked from his home in Westchester County.

8.      At all relevant times, Plaintiff was over 40 years of age.

9.      Defendant NTT Americas is a foreign business corporation licensed to do business in New York, and is headquartered at 2750 Legacy Drive, Plano, TX 75024.

10.     Defendant NTT Americas is the parent company of Defendant NTT Data.

11.  Defendant NTT Data is a subsidiary of NTT Americas and is a foreign limited liability company licensed to business in New York, and is headquartered at 7950 Legacy Drive, Plano, TX 75024.

12.  NTT is a technology company that provides data centers, cloud infrastructure, cloud communications, and other technology services.

13.  According to Linkedin, NTT has more than 25,000 employees in the United States.

## <u>MATERIAL FACTS</u>

### NTT Has A History of Discriminating Against Workers Based On Their Age

14.  Upon information and belief, NTT has a longstanding history of terminating employees over 40 years old due to assumptions that older workers are not as technically advanced as their younger colleagues.

15.  In 2015, two employees over 50 years old filed suit in the U.S. District Court of Vermont, alleging that NTT engaged in age discrimination by forcing the plaintiffs to train younger workers who were hired to replace them. Complaint, *Lynn M. West and Jeffrey G. Ferris v. NTT Data, Inc.*, 2:15-cv-00250-cr (D. Vt. Dec. 03, 2015).

16.  In 2019, NTT published a report "Meeting the Expectations of a New Generation," which hyper focused on employees' ages and how it affects their work skillsets.

17.  The report highlights "the fantastic creativity and energy of younger workers," how younger workers "are all about speed," and how their attitudes differ from older employees in the workplace.

### Plaintiff Experiences Age Discrimination

18.  At all relevant times, Plaintiff is a 65-year-old man.

19.  Plaintiff is a well-accomplished manager with over three decades of experience in the technology industry, including systems administration, database basement, and security consulting.

20.  Prior to working for Defendant, Plaintiff worked for over 13 years at UBS, the largest private banking institution in the world, where he was promoted to Senior Systems Specialist.

21.  Plaintiff also worked for over 9 years at Dell as a System Administration Senior Advisor.

22.  In 2007, Plaintiff began working for NTT Data Services as a System Administration Senior Advisor.

23.  Prior to his unlawful termination, Plaintiff earned $112,000 annually.

24.  Plaintiff's duties included overseeing OpenVMS systems administration, cache database management, and Oracle DBA systems.

25.  Plaintiff was a strong performer and was often praised by his colleagues for his hard work and dedication.

26.  Throughout his decade-plus tenure with Defendant, Plaintiff consistently received positive performance evaluations leading to annual salary raises.

27.  In 2021, Dinesh Diggiwal, IT Associate Director, became Plaintiff's supervisor.

28.  Diggiwal had the authority to hire, fire or affect the terms and conditions of Plaintiff's employment, and was the ultimate decisionmaker at the company.

29.  In one of their initial conversations, Plaintiff told Diggiwal about himself and his tenure at NTT to build professional rapport.

30.  When Plaintiff mentioned that he was in his sixties, Diggiwal gasped.

31.  Plaintiff was uncomfortable with Diggiwal's inappropriate reaction to his age, however, he continued to competently perform his duties.

32. In December 2022, Plaintiff was asked by Diggiwal to interview two new employees, who were below the age of 40, as their team would be receiving additional VMS clients.

33. One month later, Diggiwal told Plaintiff that Human Resources would be reaching out to him, as he was being terminated effective March 2023.

34. Diggiwal said that both Plaintiff and his coworker Harold Swaffield were being laid off, however, he asked that both men continue to work until March 15, 2023.

35. Like Plaintiff, Swaffield is a man in his 60's and had decades of experience working in the technology sector.

36. Upon information and belief, Diggiwal had Plaintiff interview the employees, knowing he was being terminated.

37. Plaintiff and Swaffield were replaced by employees who were under 40 years old.

38. Plaintiff's replacement did not have comparable or equivalent professional experiences.

39. Defendant knew Plaintiff was over the age of 40.

40. Defendant knew that Plaintiff was experienced and qualified for the position.

41. Defendant knew that Plaintiff had exemplary performance.

42. Defendant discriminated against Plaintiff and terminated him because of his age, as well as stereotypical and discriminatory presumptions about his age.

**Harm to Plaintiff**

43. As a result of the discriminatory conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entailed.

44. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

45.    Plaintiff felt offended, disturbed, and humiliated by Defendant's unlawful age-based discriminatory conduct.

46.    As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

47.    Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

## AS A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER THE ADEA

48.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

49.    The ADEA, 29 U.S.C. § 623 (a), provides that it shall be unlawful for an employer:

> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

50.    Defendant engaged in unlawful employment practices prohibited by the ADEA by discriminating against Plaintiff and terminating him, in whole or in part, based upon his age.

## AS A SECOND CAUSE OF ACTION
## RETALIATION UNDER THE ADEA

51.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

52.    The ADEA, 29 U.S.C. §623(d) provides that it shall be unlawful for an employer:

> "to discriminate against any of his employees . . . because such individual… has opposed any practice made unlawful by this section…"

53.   Defendant engaged in unlawful employment practices prohibited by the ADEA by retaliating against Plaintiff with respect to the terms, conditions, or privileges of his employment.

**AS A THIRD CAUSE OF ACTION**
**DISCRIMINATION UNDER THE NYSHRL**

54.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

55.   New York State Executive Law § Executive Law § 296, 1) provides that: It shall be an unlawful discriminatory practice:

> (a) For an employer… because of an individual's **age…** to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

> (h)For an employer… to subject any individual to harassment because of an individual's…. **age…**or because the individual has opposed any practices forbidden under this article or because the individual has filed a complaint, testified or assisted in any proceeding under this article, **regardless of whether such harassment would be considered severe or pervasive under precedent applied to harassment claims**. Such harassment is an unlawful discriminatory practice when it subjects an individual to inferior terms, conditions or privileges of employment because of the individual's membership in one or more of these protected categories…. **Nothing in this section shall imply that an employee must demonstrate the existence of an individual to whom the employee's treatment must be compared.**

56.   Defendant engaged in an unlawful discriminatory practice by discriminating against and terminating the Plaintiff because of his age.

**AS A FOURTH CAUSE OF ACTION**
**RETALIATION UNDER THE NYSHRL**

57.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

58.    New York State Executive Law § 296(1)(e) provides that, "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

59.    Defendant engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his opposition to the unlawful employment practices of the Defendant.

## JURY DEMAND

60.    Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A.    Declaring that Defendant engaged in unlawful employment practices prohibited by the ADEA and the NYSHRL, in that Defendant discriminated and retaliated against Plaintiff on the basis of his age:

B.    Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and retaliation and to otherwise make his whole for any losses suffered as a result of such unlawful employment practices;

C.    Awarding Plaintiff liquidated damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D.    Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

E.    Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

proper to remedy Defendant's unlawful employment practices.

Dated: New York, New York
      July 30, 2024

                        **PHILLIPS & ASSOCIATES,**
                        **ATTORNEYS AT LAW, PLLC**

By:          _____
                Michélle A. Caiola, Esq.
                Jonathan Goldhirsch, Esq.
                *Attorneys for the Plaintiff*
                Phillips & Associates, PLLC
                45 Broadway, Suite 430
                New York, New York 10006
                T: (212) 248 – 7431
                F: (212) 901 – 2107
                mcaiola@tpglaws.com